IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kimberlee Rae Carbone,<br>        Plaintiff,<br><br>        v.<br><br>The City of New Castle; The County of Lawrence; Chief Robert Salem; Officer David Maiella; Officer Terry Dolquist; Officer Sheila Panella; Correction Officer April Brightshue; Correction Officer Niesha Savage; Commander Mark Keyser; Attorney Joshua Lamancusa; Jameson Health Systems; and Bernard Geiser, M.D.,<br><br>        Defendants. | Civil Action No. 15-1175<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 131 |

## **MEMORANDUM ORDER**

**KELLY, Chief Magistrate Judge**

Plaintiff Kimberlee Rae Carbone ("Plaintiff"), filed this action under 42 U.S.C. § 1983 against numerous individuals – police officers, corrections officers (including Defendant April Brightshue), and medical personnel – who were allegedly involved in her arrest and subsequent strip and cavity searches following a traffic stop on November 3, 2013. Also named as Defendants are the City of New Castle and the County of Lawrence.

Presently before the Court Plaintiff's Motion to Compel Directed to Defendant April Brightshue, ECF No. 131, wherein Plaintiff seeks an Order compelling Defendant Brightshue to respond to the following Supplemental Interrogatory and Request for Production:

> Please state the name and address of every psychiatrist and/or psychologist and/or medical doctor and/or counselor and/or therapist and/or hospital that April Brightshue has consulted and/or seen and/or received treatment and/or received therapy and/or been hospitalized at and/or admitted to, from the period from January 1, 2012 to the present and provide any and all records

> regarding the same and/or please execute/complete and provide the attached authorizations to obtain said records.

ECF No. 131 ¶ 9. Plaintiff argues that Defendant Brightshue's psychiatric records are necessary to generally assess her credibility and, more specifically, to determine: a) what version of events Brightshue gave to her treatment providers and whether that version matches the version of the other Defendants; b) Brightshue's well-being and capacity to accurately process and/or relay information; and c) Brightshue's capacity to handle the stresses of being a corrections officer. Id. ¶¶ 11-13.

> Under Fed. R. Civ. P. 26(b)(1), the scope of discovery is defined as follows:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rulings regarding the proper scope of discovery under Rule 26, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). This discretion, however, is guided by certain basic principles. In particular, it is clear that Rule 26's broad definition reaches only "nonprivileged matter that is relevant to any party's claim or defense." Valid claims of relevance and privilege therefore restrict the Court's discretion in ruling on discovery issues. Further, the party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001).

In the instant case, the Court finds not only that Defendant Brightshue's psychotherapeutic records are privileged but that Plaintiff has not met her burden of establishing their relevance. Indeed, the United States Supreme Court has specifically held that confidential communications between licensed psychotherapist and psychologists and their patients during the course of treatment are privileged and protected from disclosure under Federal Rule of Evidence 501. Jaffe v. Redmond, 518 U.S. 1 (1996).

In addition, Plaintiff's assertions of relevance largely revolve around her need to assess Brightshue's credibility. Plaintiff's arguments, however, are based on deposition testimony made by witnesses and/or other Defendants regarding matters unrelated to Brightshue or the strip search she conducted. ECF No. 131 ¶ 8. For instance, it escapes the Court what relevance Brightshue's psychotherapeutic records have to the fact that Officer Dolquist testified that Field Sobriety Tests were performed on Plaintiff before she was transported to the Lawrence County Jail when no such tests were performed. Moreover, Plaintiff had the opportunity to test Brightshue's credibility and her recollection of events during her deposition and, should the case proceed to trial, will, perhaps, have the opportunity to do so again.

Accordingly, the following Order is entered:

**ORDER**

AND NOW, this 9th day of March, 2017, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Directed to Defendant April Brightshue, ECF No. 131, is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF